IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KENNETH HENSON                                                                              PLAINTIFF

v.                                          3:17cv00304-DPM-JJV

SCOTT BENTON, Detective,                                                                DEFENDANT
Crittenden County Police Department

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Kenneth Henson ("Plaintiff") was an inmate at the Crittenden County Detention Center at the time he filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 7.) He sued Crittenden County Detective Scott Benton, the Crittenden County Sheriff's Department, and a Crittenden County Public Defender. (Doc. Nos. 1, 7.) His claims against the Sheriff's Department and Public Defender were dismissed before service, as was his retaliation claim challenging his confinement. (Doc. No. 9.) His unlawful arrest and detention claim against Defendant Benton was served. (*Id.*) Defendant Benton has filed a Motion for Summary Judgment. (Doc. Nos. 31-33.) Plaintiff has not responded and the time for doing so has passed; this matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendant's Motion for Summary Judgment should be GRANTED and this case DISMISSED.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or

is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III. ANALYSIS**

Plaintiff was convicted of aggravated sexual assault in Illinois. (Doc. No. 32 at 1.) His request to parole to his sister in Earle, Arkansas, was approved and he relocated on February 27, 2015. (Doc. No. 32-1 at 2, 7.) Under Arkansas law, Plaintiff is a sex offender required to register his residence, among providing other information. (*Id*. at 2.) On March 27, 2017, the Arkansas Crime Information Center sent a letter to the Crittenden County Sheriff's Office explaining that Plaintiff was delinquent in verifying his residency, in violation of the Arkansas Sex Offender Registration Act of 1997 (the "Act"). (*Id*. at 3, 29.) On April 3, 2017—later than his required

report date—Plaintiff reported to the Crittenden County Sheriff's Department. At that time he provided an address on Green Street as his residence, but a home check the following day revealed Plaintiff did not live there and the residents at the address did not know Plaintiff. (*Id*. at 4, 34-36.)

After it was discovered Plaintiff provided a false address, Defendant Benton obtained a warrant issued by a Crittenden County District Judge who determined there were reasonable grounds to believe Plaintiff violated the Act. (*Id*. at 4, 37.) The warrant was issued on April 17, 2017. (*Id*. at 4, 37.) Defendant Benton contacted Plaintiff's employer on June 1, 2017, only to learn that Plaintiff had not worked there for at least a month, and Plaintiff's earlier provided addresses were empty apartments or abandoned houses. (Doc. No. 32-1 at 4-5, 34-36.)

On June 5, 2017, the Crittenden County Sheriff's Department received a warrant from the Illinois Department of Corrections for Plaintiff's arrest. The January 25, 2017 warrant cover letter requested "please hold [Plaintiff] with no bail, and no bond." (*Id*. at 4-5; 38-40.)

Also on June 5, 2017, Plaintiff reported to the Crittenden County Sheriff's Department to verify his registration; he was late in doing so, as he had been required to report by May 27, 2017. (*Id*. at 5.) Defendant Benton arrested Plaintiff that same day. Plaintiff was advised of the Crittenden County warrant at the time of his arrest. (*Id*. at 5.) Upon Plaintiff's arrest, a hold was placed on Plaintiff for the Illinois Department of Correction. (*Id*. at 6, 36.)

In his Complaint, Plaintiff does not dispute he was subject to the requirements of the Act. Pursuant to the Act, Plaintiff was required to report any change in residence, mailing address, domicile, and employment, among other things, to the local law enforcement agency with jurisdiction at the time of the change. Ark. Code Ann. §§ 12-12-906, 909. The failure to report a change in address or employment is a felony, as is filing false documentation in connection with verification. Ark. Code Ann. § 12-12-904(a)(1)(A). Moreover,

> [a] law enforcement officer shall arrest a sex offender when a warrant has been issued for the sex offender's arrest, the law enforcement officer has probable cause to believe that a sex offender has committed an offense under this subchapter, or the law enforcement officer has reasonable grounds for believing that a sex offender is not registered or has not reported a change of address or any other [required information].

Ark. Code Ann. § 12-12-912(c).

The Act also provides that "[p]ublic officials, public employees, and public agencies are immune from civil liability for good faith conduct under this subchapter." Ark. Code Ann. § 12-12-920.

The Court of Appeals for the Eighth Circuit has affirmed the constitutionality of the Act and its residency requirements. *Weems v. little Rock Police Dep't*, 453 F.3d 1010, 1017 (8th Cir. 2006). Plaintiff does not challenge the Act's provision mandating his arrest but maintains there was no reason to arrest him. (*See* Doc. Nos. 1, 7.)

Here, Plaintiff reported late, which alone provided probable cause for his arrest. Additionally, Defendant Benton had probable cause based on the false address provided by Plaintiff. To the extent a warrant was involved, Plaintiff has not alleged Defendant Benton obtained the warrant based on a deliberate falsehood or reckless regard for the truth. *See Odom v. Kaizer*, 864 F.3d 920, 922 (8th Cir. 2017) (*quoting Bagby v. Brondhaver*, 98 F.3d 1096, 1098 (8th Cir. 1996)). Plaintiff has not come forward with any evidence creating a genuine issue of material fact that would preclude summary judgment in Defendant Benton's favor. Even if Plaintiff had established a constitutional violation, Defendant Benton would be entitled to qualified immunity as I am not aware of any case holding an arrest under these circumstances violated a constitutional right. *See Edmond v. Winters*, 226 F. Supp. 3d 914, 920 (E.D. Ark. 2016). Rather, in a case with similar facts, probable cause was found for a warrantless arrest pursuant to Ark. Code Ann. § 12-12-912(c) when the sex-offender plaintiff failed to report a change in address. *See McGee v.*

5

*Lindsey*, case no. 2:14-CV-02230-MEF, 2015 WL 4397780 (W.D. Ark. July 17, 2015). Accordingly, I find summary judgment should be entered in Defendant Benton's favor on Plaintiff's unlawful arrest claim. Further, because I find probable cause existed for the arrest, Plaintiff's claim as to his subsequent detention fails and summary judgment should be entered in Defendant's favor on that claim, as well.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Scott Benton's Motion for Summary Judgment (Doc. No. 31) be GRANTED.

2. Plaintiff's claims against Defendant Benton be DISMIMSSED with prejudice.

3. This case be DISMISSED.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 28th day of May 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE